Case 1:22-cv-03376-RDM   Document 1   Filed 11/03/22   Page 1 of 7

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOVEREIGN LLC, <br> 747 Third Avenue <br> 37th Floor <br> New York, NY 10017 <br><br>    Plaintiff, <br> v. <br><br> SULEMAN IDDRISSU <br> 100 I St. Apt. 1010 <br> Washington, DC 20003 <br><br> and THE IBUN GROUP, LLC, <br> c/o Northwest Registered Agent Service, Inc. <br> 8 The Green, Suite B Dover, DE 19901 <br><br>    Defendants. | Case No. 22-_____ <br> Hon. _____ <br><br> **COMPLAINT** |

___

Robert L. Avers (Bar ID MI0083)
Adam D. Grant*
Dickinson Wright PLLC
350 S. Main Street, Ste 300
Ann Arbor, MI 48104
(734) 623-1672
ravers@dickinsonwright.com
agrant@dickinsonwright.com
*Attorneys for Plaintiff*

**Admission Pending*

_____/

## COMPLAINT

NOW COMES Plaintiff, Sovereign LLC through its attorneys, Dickinson Wright PLLC, and states as follows for its claims against The Ibun Group, LLC and Suleman Iddrissu:

## PARTIES, JURISDICTION, AND VENUE

1. Sovereign LLC ("Sovereign") is a New York registered limited liability company that has its principal place of business and headquarters in New York.

2. All of Sovereign's constituent ownership members are citizens of New York.

3. The Ibun Group, LLC ("Ibun Group") is a Delaware registered limited liability company with its principal place of business located in the District of Columbia.

4. To the best of Sovereign's knowledge, none of Ibun Group's constituent ownership members are citizens of New York.

5. To the best of Sovereign's knowledge, Defendant Suleman Iddrissu ("Iddrissu") is a citizen of the District of Columbia.

6. The amount in controversy in this matter is in excess of $75,000, exclusive of costs, interest, or attorneys' fees.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy is in excess of $75,000.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), as all Defendants are residents of the District of Columbia.

## STATEMENT OF FACTS

9. Plaintiff Sovereign entered into two separate contracts with Ibun Group, one dated February 25, 2022 (the "February Agreement") and one dated April 5, 2022 (the "April Agreement") (collectively "the Agreements").

10. Each contract contains identical language indicating that these contracts are "factoring arrangement[s] whereby Sovereign LLC will be advancing money for working capital purposes to The Ibun Group by purchasing existing account receivables defined above at a

discount and in return The Ibun Group will assign its right to receive the par value of the account receivables to Sovereign LLC." *See* Exhibit 1, February Agreement; and Exhibit 2, April Agreement.

11. Plaintiff Sovereign paid Ibun Group $161,675.42 in consideration of Ibun Group assigning its right to receive the par value of the account receivables listed on the face of the February Agreement. *See* Ex. 1.

12. Plaintiff Sovereign paid Ibun Group $66,899.00 in consideration of Ibun Group assigning its right to receive the par value of the account receivables listed on the face of the April Agreement. *See* Ex. 2.

13. For both Agreements, Defendant Iddrissu serves as the "Guarantor" wherein he personally and unconditionally guaranteed punctual payment of the amounts due and owing to Plaintiff. *See* Exs. 1 & 2 at p. 1.

14. To date, neither Defendant Ibun Group nor Defendant Iddrissu has paid the amounts owed to Sovereign under the contracts.

15. Specifically, with respect to the February Agreement, Plaintiff is owed (i) $170,184.65 (the face value of the invoices), (ii) a one-time late fee equal to 10% of the face amount of the invoices (an additional $17,018.47), and (iii) 5% adjusted pro-rata interest for all days after March 27, 2022, with each day past equating to an additional $23.31 in interest payment owed.[1] *See* Ex. 1.

---

[1] The daily accruing interest was calculated using the formula $P*((r/365)*d)$. Wherein P is the amount of principal or invoice amount; r is the interest rate; and d is the number of days for which interest is being calculated. Here, P = $170,184.65; r = 0.05; and d = 1. Therefore the daily interest accruing is equal to $23.31.

16.     With respect to the April Agreement, Plaintiff is owed (i) $70,420.00 (the face value of the invoices), (ii) a one-time late fee equal to 10% of the face amount of the invoices (an additional $7,042), and (iii) 5% adjusted pro rata interest for the additional days after May 5, 2022, with each day past equating to an additional $9.16 in interest payment owed.[2] *See* Ex. 2.

17.     Additionally, per the Agreements, Defendant Iddrissu "agrees to pay all reasonable costs and attorneys' fees incurred by Sovereign enforcing this guaranty." *See* Exs. 1 and 2, Pg. 2.

18.     Due to the actions of Defendants Ibun Group and Iddrissu, Plaintiff Sovereign has been deprived of the value of the Agreements into which it entered and now must incur costs and attorneys' fees to enforce the Agreements.

19.     In a good faith attempt to resolve this matter without resulting to litigation, Plaintiff (through counsel) sent Defendants a letter demanding payment under the Agreements dated August 16, 2022. *See* Exhibit 3, August 16, 2022 Letter. Plaintiff sent the letter to four different addresses, two addresses for each Defendant, to ensure that it would reach the proper parties. *See* Exhibit 4, PS Ship - FedEx Details. Neither Defendant responded to or acknowledged Plaintiff's letter.

## COUNT I—IBUN GROUP'S BREACH OF CONTRACT
## (FEBRUARY AGREEMENT)

20.     Plaintiff refers to and incorporates Paragraphs 1-19 of this Complaint as if fully stated herein.

21.     The February Agreement is a valid, binding agreement between Sovereign, on the one hand, and Ibun Group, on the other.

---

[2] The same formula used in fn1 was used to calculate daily accruing interest. But here, $P = \$66,899.00$; $r = 0.05$; and $d = 1$. Therefore the daily interest accruing is equal to $9.16.

22. Defendant Ibun Group has breached the February Agreement by failing to pay Plaintiff Sovereign the amounts due and owing to it under the February Agreement.

23. Defendant Ibun Group's failure to pay Sovereign the amounts to which it is entitled under the February Agreement constitutes a breach of its contractual obligations to Plaintiff.

24. As a direct and proximate result of Defendant Ibun Group's breach of the February Agreement, Plaintiff has suffered and will continue to suffer pecuniary damages.

**COUNT II—IBUN GROUP'S BREACH OF CONTRACT (APRIL AGREEMENT)**

25. Plaintiff refers to and incorporates Paragraphs 1-24 of this Complaint as if fully stated herein.

26. The April Agreement is a valid, binding agreement between Sovereign, on the one hand, and Ibun Group, on the other.

27. Defendant Ibun Group has breached the April Agreement by failing to pay Sovereign the amounts due and owing to it under the April Agreement.

28. Defendant Ibun Group's failure to pay Sovereign the amounts to which it is entitled under the April Agreement constitutes a breach of its contractual obligations to Plaintiff.

29. As a direct and proximate result of Defendant Ibun Group's breach of the April Agreement, Plaintiff has suffered and will continue to suffer pecuniary damages.

**COUNT III—IDDRISSU'S BREACH OF CONTRACT (FEBRUARY AGREEMENT)**

30. Plaintiff refers to and incorporates Paragraphs 1-29 of this Complaint as if fully stated herein.

31. The February Agreement is a valid, binding agreement between Sovereign, on the one hand, and Iddrissu, on the other.

32. Defendant Iddrissu has breached the February Agreement by failing to pay Sovereign the amounts due and owing to it under the February Agreement.

33. Defendant Iddrissu's failure to pay Sovereign the amounts to which it is entitled under the February Agreement constitutes a breach of his contractual obligations to Plaintiff.

34. As a direct and proximate result of Defendant Iddrissu's breach of the February Agreement, Plaintiff has suffered and will continue to suffer pecuniary damages.

## COUNT IV—IDDRISSU'S BREACH OF CONTRACT (APRIL AGREEMENT)

35. Plaintiff refers to and incorporates Paragraphs 1-34 of this Complaint as if fully stated herein.

36. The April Agreement is a valid, binding agreement between Sovereign, on the one hand, and Iddrissu, on the other.

37. Defendant Iddrissu has breached the April Agreement by failing to pay Sovereign the amounts due and owing to it under the April Agreement.

38. Defendant Iddrissu's failure to pay Sovereign the amounts to which it is entitled under the April Agreement constitute a breach of his contractual obligations to Plaintiff.

39. As a direct and proximate result of Defendant Iddrissu's breach of the April Agreement, Plaintiff has suffered and will continue to suffer pecuniary damages.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff Sovereign requests that this Court enter judgment in favor of Plaintiff against Defendants The Ibun Group, LLC and Suleman Iddrissu for compensatory damages in an amount that is fair, just, and reasonable in the amount of $264,665.12 plus interest, and grant such other and further relief as the Court deems fair and equitable, including but not

limited to punitive and exemplary damages, costs, interest, and attorneys' fees for Defendants' breaches of contract.

Dated: November 3, 2022                    Respectfully submitted,

                                                        /s/ Robert L. Avers
Robert L. Avers (Bar ID MI0083)
Adam D. Grant*
Dickinson Wright PLLC
350 S. Main Street, Ste 300
Ann Arbor, MI 48104
(734) 623-1672
ravers@dickinsonwright.com
agrant@dickinsonwright.com
Attorneys for Plaintiff

*Admission Pending*